UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**J & J SPORTS PRODUCTIONS, INC.**,　　　　Case No. 3:10 CV 2027

　　　　Plaintiff,　　　　　　　　　　　　Magistrate Judge James R. Knepp II

　　　　v.　　　　　　　　　　　　　　　MEMORANDUM OPINION

**DORA P. ORTIZ,**

　　　　Defendant.

### Introduction

Plaintiff filed a Motion for Summary Judgment on April 25, 2011. (Doc. 13). Defendant has not filed any opposition, and the time allowed for an opposition has passed. (Doc. 11, at 2) (referring parties to Local Rule 7.1– which allows for 30 days to file an opposition – in the event a dispositive motion is filed before the deadline). The Court held a status telephone conference on May 19, 2011, during which defense counsel indicated he did not conceive of any defense to the Motion. For the reasons described below, the Motion is granted and Plaintiff is awarded $10,000 in statutory damages and $3,425 in costs and fees.

### Background

The facts in this case are simple and undisputed. Plaintiff had the exclusive rights to exhibit and distribute the September 13, 2008 telecast of a boxing match and its undercard bouts. (Doc. 13-3, at ¶ 3). Defendant, without permission from Plaintiff, intercepted the transmission of the match and broadcast it to patrons at the El Portilla Cocina – a restaurant and bar in Sandusky, Ohio. (Doc. 13-2, at 1). The restaurant has a capacity of 65 people, and there were six people present during the broadcast. (Doc. 13-2, at 2). Plaintiff argues these facts entitle it to summary judgment and a

finding of liability under the Communications Act of 1934.  Plaintiff is correct.

## Standard of Review

Pursuant to Federal Civil Rule 56(c), summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law."  *Id*.  When considering a motion for summary judgment, the Court must draw all inferences from the record in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The Court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, the Court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

## Discussion

*Liability*

Plaintiff, while arguing Defendant's conduct violates both section 605 and 553 of Title 47, correctly recognizes it can not recover damages under both sections, *see J&J Sports Promotions, Inc. v. Doe*, 2007 WL 470346, at *2 (S.D.N.Y), and therefore seeks to recover damages under Section 605.  The Court will therefore focus on Section 605, which provides:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person.  No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.  No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the

    benefit of another not entitled thereto.

47 U.S.C. § 605(a). Given the undisputed facts in this case, there is no question that Defendant, who was not authorized by Plaintiff to receive or broadcast the boxing match, did so, thus violating Section 605.

*Damages*

    Pursuant to 47 U.S.C. § 605(e)(3)(C)(i)-(ii), the Court may award statutory damages of $1,000 to $10,000, and where the violation is willful and for purposes of commercial advantage, additional damages of up to $100,000. Here, Plaintiff requests damages in the amount of $25,000 – $10,000 from the basic statutory damage maximum, and a further $15,000 in enhanced statutory damages due to Defendant's willfulness. (Doc. 13-1, at 18).

    Plaintiff provides a number of cases where, in situations supposedly similar to this one, courts have awarded maximum statutory damages and enhanced damages ranging from $9,000 to $90,000. (*See* Doc. 13-1, at 10-14, & 15-16). Unfortunately, Plaintiff's brief reads as if it were copied from another, more egregious case. For example, in comparing this case to *Joe Hand Productions, Inc. v. Haddock*, 2009 WL 2136117 (E.D. Cal.), where there was a total award of damages of $50,000, Plaintiff asserts the populations between Sandusky, Ohio (approximately 60,000 according to 2008 Census Bureau estimate) and Visalia, California (approximately 125,000 according to the 2010 Census) are "similar" and the broadcast here was "displayed on fifteen televisions"[1] when it actually was displayed only on one television (Doc. 13-2, at 1). (Doc. 13-1,

---

    [1]Plaintiff asserts the boxing match was broadcast on 15 televisions in at least one other place in its brief. (Doc. 13-1, at 13) ("this is particularly true in light of the fact that the *Program* was being broadcast on 15 televisions").

at 15). In the context of contrasting this case with *Joe Hand Promotions, Inc. v. Zia*, 2008 WL 495325 (E.D. Mich.), where there was a total damage award of $20,000 when there were only ten or eleven people present during the broadcast, Plaintiff incorrectly asserts there were "21 people" present at Defendant's restaurant. (Doc. 13-1, at 11). According to Plaintiff's investigator's affidavit, there were only six people present during the broadcast of the boxing match here. (Doc. 13-2, at 2).[2]

Contrary to Plaintiff's assertions, the facts in this case are less egregious than in any of those cases cited and discussed by Plaintiff. There was one television broadcasting the boxing match to six people in a small restaurant, in September in an area (near the amusement park Cedar Point) where business is presumably slow during the non-summer months. (Doc. 13-2). Whether or not Plaintiff has proven Defendant acted "willfully in order to achieve a direct or indirect commercial advantage or private financial gain", thereby entitling Plaintiff to enhanced damages, the Court finds enhanced damages to be excessive and unjust in this case. 47 U.S.C. § 605(e)(3)(C)(ii) ("In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court *in its discretion* may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.") (emphasis added). Instead, the Court will grant Plaintiff the full amount of basic statutory damages. 47 U.S.C. § 605(e)(3)(C)(i)(II)(a). Accordingly, Plaintiff shall be awarded $10,000 in statutory damages.

---

[2]In addition to these misstatements, Plaintiff also repeatedly cites a nonexistent Order for findings supposedly made against Defendant. (*e.g.* Doc. 13-1, at 14) ("It is undisputed that the actions of Defendants 'were done willfully in order to achieve a direct or indirect commercial advantage.' *Order* at 4 (Undisputed Fact No. 15).").

*Fees and Costs*

Plaintiff also requests the Court award attorney fees and other costs and expenses totaling $3,425 – $3,075 in attorney's fees and $350 in costs. (Doc. 13-4). Section 605 directs the court to award "the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff's attorney provided an affidavit and accounting for the hours he spent working on this case. Defendant, as with everything else, has not opposed or challenged these assertions. The Court finds Plaintiff's rate – $250 per hour – and hours worked – 12.30 – both reasonable, and the breakdown of the hours worked does not contain any frivolous or unreasonable inclusions. (Doc. 13-4, at 3-4). The $350 in costs are real and attributable to the filing fee in this case. Accordingly, Plaintiff is awarded $3,425 in costs and fees.

## Conclusion

For those reasons set forth above, the Court grants Plaintiff's Motion for Summary Judgment. Judgment shall be entered against Defendant in favor of Plaintiff. Plaintiff is awarded $10,000 in damages, and $3,425 in costs and attorney's fees.

IT IS SO ORDERED.

                                                        s/James R. Knepp II
                                                 United States Magistrate Judge